[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 01, 2002
THOMAS K. KAHN
CLERK

--------------------------------------------
No. 98-5913
--------------------------------------------
D.C. Docket No. 98-02140-CV-FAM

TAMMY STEVENS,

Plaintiff-Appellant,

versus

PREMIER CRUISES, INC.,
a Canadian corporation,

Defendant-Appellee.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------------------------------------
**(March 1, 2002)**

Before EDMONDSON and BARKETT, Circuit Judges, and COHILL*, District
Judge.

_____

• Honorable Maurice B. Cohill, Jr., U.S. District Judge for the Western District of
Pennsylvania, sitting by designation.

BY THE COURT:

This matter is before the Court on a motion for rehearing and on a suggestion for rehearing en banc. They both are DENIED.

The panel, however, does now clarify footnote 8 in its original opinion.

This case came before us on a 12(b)(6) motion to dismiss. We determined that the district court erred in its conclusion that Title III of the ADA -- as a matter of law -- can have no application to cruise ships in United States waters which sail under a foreign flag and are owned by a foreign corporation. Appellee, in its original brief to the court, did contend that allowing the ADA to apply, even in principle, to a foreign flag vessel would violate certain treaties and conventions and, thus, that the ADA was not intended by Congress to cover such vessels at all. Appellee did not point out a definite and specific conflict between the concrete requirements of Title III in application and international laws and conventions in governing how a ship could be constructed or operated: for example, what conflict arises from a U.S. rule against discriminatory fares.

We noted in our original opinion that we left open whether treaty obligations of the United States might in some instances preclude or limit application of Title III. In the meantime, we have looked at supplemental briefs. But we will not address further the connection between the application of Title III and United

2

States treaty obligations and international law and conventions. To decide this appeal from a 12(b)(6) dismissal, we need not foresee and decide the result for every potential conflict with every possible treaty, convention or article of international law. We continue to believe that it is not beyond doubt that plaintiff in this case can prove a set of facts in support of her claim which would entitle her to relief.

MOTION FOR REHEARING DENIED.

SUGGESTION FOR REHEARING EN BANC DENIED.